# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

GEORGE EDWARD DAVIS                    CIVIL ACTION NO. 06-1839

VS.                                                          SECTION P

LOUISIANA PAROLE BOARD, ET AL.              JUDGE MINALDI

                                                              MAGISTRATE JUDGE WILSON

<u>REPORT AND RECOMMENDATION</u>

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on October 12, 2006, by *pro se* plaintiff George Edward Davis. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Riverbend Detention Center, Lake Providence, Louisiana, where he is serving the sentence imposed following the revocation of his parole by the Louisiana Parole Board on May 24, 2006. He does not request any specific form of relief but names Louisiana Probation and Parole Officers Gary Whatley, Paul Cryer, and Susan Morrison, along with the Louisiana Parole Board, as defendants. [Doc. 1-1, paragraphs III and V].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE**  to their being asserted again until the *Heck  v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) conditions are met.

### Statement of the Case

Sometime prior to August 30, 2005, plaintiff was released from the custody of the LDOC

on parole.  On August 30, 2005, he met with his assigned  Parole Officer (PO),  Gary Whatley, of the Alexandria District and made his monthly report as required by the conditions of his parole. Plaintiff advised Whatley that he and his wife were separated and that he was temporarily living with Captain Antoine Batiste of the Rapides Parish Sheriff's Office. Plaintiff asked Whatley to begin the process required by the Interstate Compact to allow plaintiff to relocate to his mother's residence in Mississippi. Whatley agreed to make the request and advised plaintiff to report again on September 1.  Plaintiff complied with Whatley's request and returned on September 1, 2005. Whatley advised plaintiff that he had not yet commenced the process to allow plaintiff's relocation to Mississippi.  Plaintiff advised Whatley that he was no longer living with Batiste, but was in the process of moving to DeRidder, Louisiana.  Plaintiff subsequently advised Whatley of his new address in DeRidder.

On September 20, 2005, plaintiff again met with Whatley and inquired about the status of his relocation request. Whatley advised that he had not yet filed the necessary papers.  Whatley also advised plaintiff that his parole supervision had been transferred from the Alexandria Division to the Leesville/DeRidder Division. Plaintiff was given the phone number of his new Parole Officer, PO Cryer.  On September 22, 2005, plaintiff telephoned Whatley to advise him of another change of address. Whatley advised plaintiff to contact Cryer. Plaintiff advised Whatley that his attempts to contact Cryer had so far proved unsuccessful, and plaintiff requested permission to evacuate the area due to the impending landfall of Hurricane Rita. Whatley advised plaintiff that he was without authority to grant that permission and again referred plaintiff to Cryer.  Plaintiff remained in DeRidder during the hurricane.

Despite repeated attempts, plaintiff was unable to make contact with Cryer until October

2

3, 2005. On that date, he advised Cryer of his change of address. Plaintiff also asked for a meeting with Cryer, but Cryer advised that he would be working in the field and would meet with plaintiff sometime before the end of the month. Plaintiff called Cryer on another occasion and asked him to facilitate his move and transfer to Mississippi but Cryer advised that there was nothing he could do about that matter.

Sometime in late October 2005, Cryer went to an address previously supplied by the plaintiff and discovered that the residence was vacant and that the occupants had moved leaving no forwarding address.  He then filed a notice with the Alexandria Division that plaintiff had absconded supervision.  On November 8, 2005, plaintiff was arrested and charged with felony possession of stolen property in Beauregard Parish. While incarcerated in the Beauregard Parish Jail, plaintiff was visited by PO O'Brien of the Leesville District who served plaintiff with a Bill of Particulars listing two violations of the conditions of parole supervision, one of which was the charge of absconding supervision.  Plaintiff refused to sign any of the documents proffered by O'Brien and insisted on seeing PO Whatley. Sometime later, plaintiff and his mother spoke with Whatley who advised plaintiff that the absconding supervision charge had originated with Cryer. Whatley also explained that should the felony charge be reduced to a misdemeanor, it would not support the revocation of his parole. However, he further advised that the charge of absconding supervision would justify revocation.

Sometime prior to January 26, 2006, plaintiff was appointed counsel on the pending felony charge. Counsel advised plaintiff that he was attempting to have the charge reduced to a misdemeanor. Counsel also advised plaintiff that a misdemeanor conviction would not be used as grounds for parole revocation.  Counsel then negotiated a plea agreement.  On February 15, 2006,

plaintiff pled guilty to a misdemeanor and was sentenced to serve 180 days in the parish jail. Prior to accepting the plea agreement, plaintiff consulted with Whatley who again assured him that the misdemeanor conviction would have no effect on his parole status.  A week later he corresponded with Whatley requesting permission to relocate to Mississippi upon his release.

On March 10, 2006, PO O'Brien and PO Cryer served plaintiff with a Bill of Particulars charging plaintiff with two parole violations, one of which was his recent misdemeanor conviction. Cryer then advised plaintiff that the absconding charge was less serious than plaintiff's recent conviction. Plaintiff requested counsel at the preliminary hearing but was advised that he was not eligible for appointed counsel.

On March 14, 2006, plaintiff again spoke to Whatley but Whatley refused to provide any information. On March 17, 2006, the preliminary hearing was convened at the Beauregard Parish Jail. Plaintiff again requested counsel and witnesses. He was again advised that he was not entitled to counsel but his request for witnesses was acceptable. The hearing was then continued to another date.  On March 24, 2006, Cryer and PO Susan Morrison arrived at the jail and began the hearing one hour earlier than scheduled.  As a result, plaintiff's witnesses were not present for the preliminary hearing.  In her report of the hearing, Morrison alleged that plaintiff admitted to the criminal conduct charge, however, plaintiff claims to have denied this charge. In any event, the agents determined that probable cause for revocation existed and made that recommendation to the Parole Board.

On May 24, 2006, plaintiff appeared before the Parole Board at the C.Paul Phelps Correctional Facility, DeQuincy, Louisiana. Plaintiff explained to the Board that his guilty plea to misdemeanor possession of stolen property was based on his understanding that the conviction

would not form the basis of a parole revocation. Plaintiff claims that the Board refused to allow

him the opportunity to retain counsel. He claims that the Board refused to consider his claim or

any of his evidence and revoked his parole.

## Law and Analysis

### 1. Civil Rights Complaint

Plaintiff submitted his complaint on the form utilized for filing §1983 cases in this

District. As noted above, plaintiff did not specify the relief sought in this proceeding, but

presumably he seeks monetary damages from the defendants for the wrongful revocation of his

parole which has resulted in his present incarceration.  Implicit in his complaint is a claim that

his due process rights were violated by the various defendants resulting in his current loss of

liberty.

Plaintiff has been permitted to proceed *in forma pauperis*.  As shown above, he is a

prisoner who apparently seeks damages from employees of the Louisiana Department of Public

Safety and Corrections as well as from the Louisiana Parole Board. When a prisoner sues an

officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to

evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails

to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who

is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438,

440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2

F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).  A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).  District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).  A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

In the present case, plaintiff  has failed to state a claim for which relief may be granted. More specifically, a civil rights plaintiff  who seeks damages under §1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir.1996). This  *Heck* rule has been extended by the Fifth Circuit to parole revocation proceedings. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.1995), *cert. denied*, 516

6

U.S. 851 (1995); *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122 (5th Cir.1995).

A judgment in favor of this plaintiff would necessarily imply the invalidity of the revocation of his parole. *Jackson*, 49 F.3d at 177.  Plaintiff has not demonstrated that the revocation of his parole has been invalidated[1], thus the complaint should be dismissed. *Id.* The "preferred order of dismissal" under *Heck*, is dismissal  "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996).  Thus, plaintiff may file a new complaint at some time in the future, but only  if he can satisfy the *Heck* requirements.

Further, to the extent that plaintiff seeks monetary damages from the Louisiana Parole Board, such claims should be dismissed with prejudice because the members of the Parole Board enjoy absolute immunity. *Hulsey v. Owens*, 63 F.3d 354 (5th Cir.1995).

In short, plaintiff failed to state a claim upon which relief may be granted and his claims are frivolous in that they lack any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915.

**2. Habeas Corpus**

*Pro se* pleadings must be liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 963, 30 L.Ed.2d 652 (1972);  *Pena v. United States*, 122 F.3d 3, 4 (5th Cir.1997).  Plaintiff may argue that his claims are not *Heck*-barred because he does not seek monetary damages, but rather his immediate release from custody based upon the alleged due process violations that resulted in the revocation of his parole status.

---

[1] The plaintiff remains incarcerated, and his present incarceration is presumably the result of the contested parole revocation.

If that is indeed the case, plaintiff's request for immediate release must be raised in an application for *habeas corpus* and not by way of a civil rights complaint.  When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Plaintiff is in custody pursuant to the order of the Louisiana court which originally convicted him.  Therefore, to the extent that plaintiff might seek his immediate release from custody, his *habeas corpus* claim would arise under the provisions of 28 U.S.C. §2254.

While §2254 confers jurisdiction on the federal courts to entertain collateral attacks on state court judgments,  §2241 specifies the court where the petition must be brought. *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004). Pursuant to §2241(d), plaintiff could seek *habeas* relief in one of two districts: "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him."  This latter provision refers to the court of original conviction and not to the Louisiana Parole Board which cannot be considered a "court" for purposes of determining *habeas* jurisdiction. *Carmona v. Andrews*, 357 F.3d at 539 ("[T]he Louisiana Board of Parole does not act as a state court and neither sentences nor convicts.")

The pleadings do not establish where plaintiff was originally convicted; however, he is incarcerated at the Riverbend Detention Center, Lake Providence, Louisiana, which lies within the geographical jurisdiction of the Monroe Division of this Court.  Therefore, to the extent that plaintiff might seek *habeas corpus* relief, he is obliged to file his pleadings in either the Monroe Division of the Western District of Louisiana, or in the district and division which embraces the

place of his original conviction.

Plaintiff, should be aware that  *habeas* relief is probably unavailable to him at this time. Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, the right to pursue *habeas* relief in federal court is qualified. It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction and/or sentence in federal court until he has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983). This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations. See *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  In order to satisfy the exhaustion requirement, a petitioner's *habeas corpus* claims must have been presented to the state's highest court, even when review by that court is discretionary. *Magouirk v.  Phillips*, 144 F.3d 348 (5th Cir.  1998) citing *Richardson v.  Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1732-33, 144 L.Ed.2d 1 (1999).  In Louisiana, the highest court is the Louisiana Supreme Court.

It is clear from a review of the presumptively reliable published jurisprudence of the State of Louisiana that plaintiff has not exhausted his state court remedies with respect to any claim he might choose to raise in a *habeas corpus* proceeding since the published jurisprudence contains no Louisiana Supreme Court cases involving plaintiff.  Therefore, to the extent that plaintiff might seek federal *habeas corpus* relief with regard to the revocation of his parole, he must first

exhaust all available state court remedies, and, only then may he seek federal *habeas corpus* relief by filing his petition in the appropriate federal court.

　　　　**THEREFORE, IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck  v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) conditions are met.

　　　　Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

　　　　**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

　　　　**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, March 15, 2007.**

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE